ANTONIO ORTIZ ORTIZ, Plaintiff and Appellee, *v.* AIDA LUZ SÁEZ ORTIZ, Defendant and Appellant.

No. R-63-112.     Decided September 25, 1964.

*Fernando Gallardo Díaz* for appellant. Appellee did not appear.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

MR. JUSTICE BELAVAL delivered the opinion of the Court.

In this case both spouses recriminated against each other for committing adultery during the marriage, and the trial court concluded that neither one had the right to a divorce on the ground of adultery. In her review before this Court, defendant-appellant alleges that in dismissing her counter-complaint the trial court relied on obsolete decisions, and invites our attention to the speciousness of maintaining valid a marriage in which both parties have been adulterous.

This is not the first time that an attorney at law of Puerto Rico invites our attention to the precariousness, as to this aspect, of the teleological basis of our divorce legislation. In 1959 we examined with utmost interest our power

to obviate some of the adverse results of the application of the grounds of divorce to certain contemporaneous facts— *Rosado v. Rivera*, 81 P.R.R. 153 (Pérez Pimentel, Serrano Geyls, Negrón Fernández, and Saldaña, dissenting)—and concluded that the power to regulate the institution of marriage, its constitution, system, and dissolution are matters within the province of the Legislative Assembly, since they concern political and public interest. Although it is true that the defense of recrimination does not form part strictly of our statute, it is one of the results produced by the necessity of adjudging innocent the spouse who has not given cause for the dissolution of the marriage bond.

We are inclined to think that the decision of this case lies in the ground of separation for more than three years, in which the defense of recrimination does not prevail, it not being necessary to establish by evidence the innocence of either spouse, since the law expressly provides that the woman shall always be considered as the innocent spouse, *Núñez v. López*, 62 P.R.R. 543, 546–50 (Travieso) (1943).

The judgment rendered on March 27, 1963, by the Superior Court of Puerto Rico, Bayamón Part, will be affirmed.